[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-16128
Non-Argument Calendar

_____

D. C. Docket No. 01-06246-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY WARE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 17, 2005)

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Larry Ware appeals his 262-month sentence imposed after he pleaded guilty

for possession with intent to distribute at least 5 grams or more of crack cocaine in

violation of 21 U.S.C. section 841(a)(1). Ware argues that his sentence appeal waiver is unenforceable, and that the district court plainly erred under the Fifth Amendment as interpreted in United States v. Cotton, 535 U.S. 625, 122 S. Ct 1781 (2002), when the district court held Ware accountable for 37 grams of cocaine base in determining his sentence even though the indictment did not specify the amount of drugs involved. Although the government concedes that the appeal waiver is unenforceable, the district court did not err because Ware's sentence was within the relevant statutory maximum for the crime charged in the indictment. We affirm the district court.

The district court used a drug quantity of thirty-five to fifty grams of cocaine base in calculating Ware's sentence under the Federal Sentencing Guidelines. Although Ware admitted that amount in his plea agreement, the amount was not stated in the indictment. Ware contends that, under the Fifth Amendment, he can only be sentenced for five grams of cocaine base, the amount specified in his indictment. For his argument, Ware relies on Cotton.

Because Ware did not raise his argument about the indictment in the district court, we review it for plain error. Under this standard, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error,

2

but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 631-32, 122 S. Ct. at 1785. Ware's argument fails.

In Cotton, the indictment failed "to allege a fact, drug quantity, that increased the statutory maximum sentence" and, therefore, "rendered respondents' enhanced sentences erroneous under the reasoning of Apprendi and Jones." Id. at 632, 122 S. Ct. at 1785. Relying upon Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), Ware argues that the relevant statutory maximum is the applicable federal sentencing guideline, and that any fact that increases a sentence under the guidelines must be charged in the indictment. We have determined, however, that because the Supreme Court concluded in United States v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005), that the federal sentencing guidelines are advisory, not mandatory, the statutory maximum is contained in the United States Code. United States v. Duncan, 400 F.3d 1297, 1303-04 (11th Cir. 2005).

The code section under which Ware was indicted provides for a maximum sentence of life imprisonment when the defendant was previously convicted for a felony drug offense. 21 U.S.C. § 841(b)(1)(B). Although the indictment did not specify Ware's previous convictions, Apprendi, Blakely, and Booker left undisturbed the holding of the Supreme Court in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998), that "the government need not allege

3

in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). The statutory maximum for the crime with which Ware was charged in the indictment, therefore, was life imprisonment, and the district court imposed a sentence below that maximum. Because the sentence of the district court was below the statutory maximum, there was no Fifth Amendment error under Cotton.

Even if we construe Ware's brief to raise a challenge to his sentence under Booker, he still cannot prevail. Like the Fifth Amendment argument, we review any Booker argument for plain error, because Ware did not raise such an argument in the district court. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Although the district court erroneously applied the Sentencing Guidelines in a mandatory fashion, the third prong of the plain error test requires Ware to show that the plain error "affects [his] substantial rights," and that the error "actually did make a difference." Id. at 1298. "[I]n applying the third prong, we ask whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." Id. at 1300. Ware "bears the burden of persuasion with respect to prejudice." Id. at 1299. Based on our review of the record, Ware cannot show that

4

there is a reasonable possibility of a different result, and, therefore, cannot prevail under our review for plain error.

The sentence of the district court is, therefore,

**AFFIRMED**.